H. McB. PRIDGEN v. WILLIAM COX.

The words " I protest the within" written on the back of an order, and proved to be in the handwriting of the person to whom the order is addressed, and signed by him are sufficient *prima facie* evidence of the due presentment of the order for payment and of its refusal.

Where the words "I protest the within," without date, were written on the back of an order payable in merchandize, and were proved to be in the handwriting of the person to whom the order was addressed, and signed by him, it was held that the presumption was that the presentment and refusal were made on the same day the order was drawn, and that interest ran from that date.

Appeal from Victoria.

*W. S. Glass*, for appellant.

*A. S. Cunningham*, for appellee.

WHEELER, J. When this case was before the Court on a former appeal by the party now appealing, the judgment was reversed because there was no proof that the order in question in the suit, had ever been presented to the drawee for payment; there was no evidence of any diligence whatever to obtain payment of the drawee, nor any excuse offered for the want of it. (9 Tex. R. 367.) This objection was removed on the second trial. The plaintiff proved an indorsement upon the order signed by the drawee in these words: " I protest the within." This, we think, was sufficient *prima facie* evidence of the due presentation of the order for payment, and its refusal by the drawee.

It is objected that interest was improperly allowed upon the order. The indorsement was without date. But in the absence of proof to the contrary, it must be referred to the date of the order, and refusal to pay as therein directed, it became a money demand against the maker, and drew interest accord-

ingly. And there was therefore no error in giving judgment for the interest which had accrued upon it.

Upon the plea of failure of consideration the evidence was conflicting. It was for the jury to judge of the credibility of the witnesses and the weight of evidence; and the Court did not err in refusing to set aside their verdict. The judgment is affirmed.

Judgment affirmed.